UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOWARD BIGHAM, III,         Case No. 12-13411

           Plaintiff,         Robert H. Cleland
v.         United States District Judge

BARNETT JONES, *et al.*,         Michael Hluchaniuk
       United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 51)**

## I.   PROCEDURAL HISTORY

On August 2, 2012, plaintiff John Howard Bigham, III, filed this civil rights case, in pro per, against several members of the Ann Arbor Police Department, arising from his arrest on October 1, 2010. (Dkt. 1). Plaintiff filed an amended complaint on April 26, 2013. (Dkt. 35). On November 15, 2012, this matter was referred to the undersigned for all pretrial purposes. (Dkt. 14). On July 14, 2014, defendants filed a motion for summary judgment to dismiss plaintiff's claims against them. (Dkt. 51). Plaintiff was ordered to file a response to defendant's motion for summary judgment by August 29, 2014. (Dkt. 53). In that order, plaintiff was instructed that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**."

1

(*Id.* (emphasis in original)).  Plaintiff failed to file a response to defendants'
motion for summary judgment by August 29, 2014, and, on October 10, 2014, the
Court issued an order for plaintiff to show cause in writing on or before October
24, 2014, why the undersigned should not recommend that plaintiff's complaint
against defendants be dismissed due to plaintiff's failure to file a response.  (Dkt.
56).  Alternatively, the Court indicated that plaintiff could file a response to the
motion for summary judgment by that same date.  (*Id.*).  In the show cause order,
the Court specifically warned plaintiff that "**[f]ailure to timely or adequately
respond in writing to this Order to Show Cause or timely file a response to
the motion for summary judgment will result in a recommendation that the
motion be granted or that the entire matter be dismissed with prejudice
under Rule 41(b)**."  (*Id.* (emphasis in original)).  A review of the docket reveals
that plaintiff has not filed a timely response to defendants' motion for summary
judgment or otherwise responded to the order to show cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that
plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Rule
41(b) and that defendants' motion for summary judgment be **TERMINATED AS
MOOT**.

## II.    ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua*

*sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson, Tenn.*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for

3

> lack of jurisdiction, improper venue, or failure to join a
> party under Rule 19 - operates as an adjudication on the
> merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which
merely authorizes a motion by the defendant – nor its policy requires us to
conclude that it was the purpose of the Rule to abrogate the power of courts,
acting on their own initiative, to clear their calendars of cases that have remained
dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*,
370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's
action with prejudice because of his failure to prosecute cannot seriously be
doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159,
161 (6th Cir. 1980) ("It is clear that the district court does have the power under
[Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).
Moreover, "district courts possess broad discretion to sanction parties for failing to
comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946
F.2d at 453). And, "a district court can dismiss an action for noncompliance with
a local rule only if the behavior of the noncomplying party rises to the level of a
failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.*
at 992.

　　　　The Sixth Circuit considers four factors in reviewing the decision of a
district court to dismiss a case for failure to prosecute:

4

> (1) whether the party's failure is due to willfulness, bad
> faith, or fault; (2) whether the adversary was prejudiced
> by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v.*

*American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In this case, the

Court twice ordered plaintiff to file a response to defendants' motion for summary

judgment and warned plaintiff in writing that dismissal in defendants' favor would

be granted if he failed to file a response to the motion and an adequate response to

the order to show cause. (Dkt. 53, 56). Thus, this third factor weighs in favor of

dismissal.

   With respect to the first factor, just as in *White v. Bouchard*, 2008 WL

2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's

failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless,

"defendant cannot be expected to defend an action," that plaintiff has "apparently

abandoned, not to mention the investment of time and resources expended to

defend this case." *Id*. It is readily apparent that plaintiff does not intend to pursue

prosecution of this action, given the repeated failure to respond to defendants'

motion as ordered. Thus, the first and second factors weigh in favor of dismissal.

Finally, given plaintiff's repeated failures to file a response as ordered on multiple

occasions, the undersigned sees no utility in considering or imposing lesser
sanctions.  Thus, none of the factors weigh against dismissal for failure to
prosecute.

It is true that "district courts should be especially hesitant to dismiss for
procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White*,
2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.
1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in
a clear pattern of delay."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).
Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent
abandonment of [a] case."  *White*, 2008 WL 2216281, at *5 (citing *Washington v.
Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of
Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending
dismissal for plaintiff's failure to comply with orders of the court), *adopted by*
2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *McMillian v. Captain D's*, 2007
WL 2436668, at *2 (D.S.C. Aug. 22, 2007) (dismissing motion to dismiss and to
compel arbitration because of plaintiff's failure to respond despite being advised
of the applicable procedures and possible consequences for failure to respond
adequately).  The undersigned concludes that, for the reasons discussed above,
plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply
with orders of the Court and by otherwise failing to prosecute his claims.  Under

these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) and that defendants' motion for summary judgment be **TERMINATED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 24, 2014               s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 24, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Robert W. West, Thomas L. Kent and Stephen K. Postema, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): John Bigham, 25 Johnson Street, Apt. #8, Ypsilanti, MI 48197.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov